IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HANOVER INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) BONNIE R. MEDLIN, as Special ) Administrator of the Estate of Gerald ) Medlin, deceased; HOME FIRST, INC.; ) SCHWARZ READY MIX, INC.; and ) TRAVELERS CASUALTY ) INSURANCE COMPANY OF ) AMERICA, ) ) Defendants. ) | Case No. CIV-23-00446-JD |

## ORDER

Before the Court are two Motions to Dismiss and Abstain (the "Motions") [Doc. Nos. 13, 28] filed by Home First, Inc. ("Home First"). The Motions seek dismissal of Hanover Insurance Company's ("Hanover") Complaint for Declaratory Judgment [Doc. No. 1] and Travelers Casualty Insurance of America's ("Travelers") Cross Claim for Declaratory Relief [Doc. No. 25]. Hanover filed a response [Doc. No. 24], as did Travelers [Doc. No. 29]. For the reasons stated below, the Court denies the Motions.

## I.   BACKGROUND

Gerald Medlin ("Medlin")[1] operated a concrete business. He was insured by Hanover from 2005 to 2008 under a commercial liability policy ("Medlin's insurance

---

[1] Gerald Medlin died in 2014. His interests are now represented by his estate. However, for consistency, the Court refers to both Gerald Medlin and his estate as "Medlin."

policy"). After Medlin's insurance policy with Hanover expired on November 13, 2008, Travelers served as Medlin's insurance provider.

In 2005, Medlin installed a concrete stem wall for a house that was being constructed by Home First. Schwarz Ready Mix, Inc. ("Schwarz") supplied the concrete that Medlin used to construct the wall. When construction was complete, Ronnie and Sheree Rodgers ("the Rodgers") purchased the house from Home First. After the Rodgers moved in, they noticed issues with the stem wall. In 2010, the Rodgers filed suit ("the Rodgers suit") against Home First, Medlin, and Schwarz for breach of contract, breach of implied warranty of habitability, and negligence. As a result, Home First filed a claim with its insurance company, Mid-Continent Casualty Company ("Mid-Con"), seeking to have Mid-Con defend and indemnify it. However, Mid-Con denied the claim. Home First then filed cross claims against Medlin and Schwarz in the Rodgers suit. In 2012, the Rodgers entered a settlement agreement with Home First and dismissed their claims against Medlin and Schwarz.

Home First filed a separate suit against Mid-Con for breach of contract and bad faith. After years of litigation, the Court of Civil Appeals of Oklahoma ruled that Mid-Con was not required to defend or indemnify Home First. *See Home First, Inc. v. Mid-Continent Cas. Co.*, 2022 OK CIV APP 12, ¶ 22, 510 P.3d 1289, 1294.

Home First also filed suit ("the state court action") against Medlin and Schwarz for negligence in the District Court of Cleveland County. That case, which was filed in 2013, is still pending. As of now, the docket reflects that there will be a pre-trial conference in May 2024.

Hanover filed this declaratory judgment action against Medlin, Home First, Schwarz, and Travelers to ascertain its rights and duties under Medlin's insurance policy.

## II.    LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." Because the statute uses the phrase "may declare," the text of the statute commits discretion to the courts in deciding whether to exercise their jurisdiction in the declaratory judgment context. *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). District courts may decline to hear a case, even if it would otherwise satisfy jurisdictional requirements such as diversity of jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 493–94 (1942); *see also Wilton*, 515 U.S. at 288 (noting that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").

If a district court is presented with a claim seeking declaratory judgment and there is a parallel, underlying state proceeding, the district court:

> should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart*, 316 U.S. at 495. District courts should ask:

> 1) whether a declaratory action would settle the controversy;
> 2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
> 4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> 5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987), *abrogated on other grounds by Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)).

## III. ANALYSIS

Home First argues that the Court should dismiss the case because the *Mhoon* factors weigh in favor of abstention. Hanover and Travelers argue the *Mhoon* factors weigh in favor of the Court hearing the case.

The first factor does not weigh heavily in favor of either parties' position. As Hanover and Travelers argue, a declaratory action would settle the controversy of whether they are required to indemnify Medlin or defend him in the state court action. However, "the inquiry into whether the declaratory judgment settles a controversy . . . is designed to shed light on the overall question of whether the controversy would be better settled in state court." *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002). As part of this inquiry, the Court must consider whether deciding Hanover's and Travelers' legal rights and duties "would be better settled in a unified proceeding." *See id.* The Court does not think they would. One of the primary purposes of this factor is to ensure cases are not resolved with confusing, "piecemeal" litigation. *See id.* But, here,

neither the state court action nor this declaratory judgment action would fully settle the entire controversy. Based off the parties' pleadings in the state court action, it appears that suit will decide the single issue of which parties were negligent and to what extent they are jointly and severally liable. If not dismissed, this declaratory judgment action will decide Hanover's and Travelers' rights and duties under their respective insurance policies. So, although this declaratory judgment action would not resolve the entirety of the dispute, nor would it result in "unnecessarily duplicative" litigation. *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 (10th Cir. 2012). Therefore, the first factor, whether a declaratory action would settle the controversy, is a neutral consideration.

As to the second factor, this case would serve a useful purpose in clarifying the legal relations between Hanover, Travelers, and Medlin. Because resolving this declaratory judgment action would give the parties relief from the uncertainty surrounding the parties' obligations, the second factor weighs in favor of the Court hearing the case.

The third factor, whether this case is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*," weighs in favor of Hanover and Travelers. The Court is unaware of any cases currently pending in state court that will decide the issues raised herein. So, essentially, there is no "race" for Hanover and Travelers to win even if they do prevail. If this Court decides this case before the state court action is resolved, that decision will have no impact on whether Medlin or Schwarz were negligent. Further, Hanover's and Travelers' decisions to bring

claims can be attributed to more than gamesmanship or procedural fencing as they have a "substantial interest in deciding these issues without undue delay, particularly the question of the duty to defend." *Mhoon*, 31 F.3d at 984. Therefore, the Court does not think Hanover and Travelers are trying to use this action for "procedural fencing" or a "race to *res judicata*."

The fourth factor weighs in favor of the Court hearing the case for similar reasons. According to the pleadings filed in the state court action, none of the parties raises any defenses relating to Hanover or Travelers, and the suit does not appear to address Medlin's insurance policies in any way. Hanover and Travelers argue that is because "[t]he Oklahoma Supreme Court has repeatedly held that a liability insurer is not a proper party to the underlying liability case and insurance coverage issues are not properly raised in the liability case." The state court will not be required to determine whether Hanover must defend or indemnify Medlin under the terms of his insurance policy so there is no risk of inconsistent rulings between this Court and the state court. Regardless of the duties and rights this Court determines Hanover and Travelers have under their respective policies, its rulings will not decide fact dependent issues that also need to be decided in the state court case because whether either insurer has a duty to indemnify or defend Medlin has no impact on whether Medlin was negligent. As the Tenth Circuit has noted, "nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989). So, since this Court will not be "seizing" any portion of the

litigation from the state court, there is little risk of causing friction with it. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). This factor therefore weighs in favor of Hanover and Travelers.

The fifth factor also weighs in favor of the Court hearing the case. As in *Mhoon*, neither party before the Court has suggested that Hanover or Travelers could have been made "part[ies] to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution . . . ." 31 F.3d at 984. This Court is similarly unaware of an alternative remedy that would be more effective in resolving Hanover's and Travelers' obligations.

The considerations set forth in *Brillhart* and *Mhoon* are "only factors in the analysis; they are not determinative." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). However, here, they have informed the Court's discretion and shown that "the federal declaratory action would serve some useful purpose." *Id.*

## IV. CONCLUSION

For these reasons, the Court concludes that Home First has failed to show the Court should abstain from hearing this case. Consequently, the Court denies Home First's Motions [Doc. Nos. 13 and 28].

IT IS SO ORDERED this 1st day of December 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE